IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MURVILLE LAVELLE LAMPKIN,<br><br>        Plaintiff,<br>  v.<br>UNITED STATES,<br><br>        Defendant. | Case No.: 3:24-cv-01516-AN<br><br><br>OPINION AND ORDER |

      Plaintiff Murville Lavelle Lampkin, who is self-represented and thus proceeding pro se, brings this action against defendant United States[1] under the Federal Tort Claims Act ("FTCA"). Defendant moves to dismiss plaintiff's action in its entirety, with prejudice, for lack of subject matter jurisdiction. For the reasons stated herein, defendant's motion to dismiss for lack of jurisdiction is GRANTED and plaintiff's complaint is dismissed accordingly. Dismissal is with prejudice for any intentional tort claims arising out of the detention of plaintiff's goods by Federal Bureau of Prisons ("BOP") officers. Otherwise, dismissal is without prejudice and with leave to amend. If plaintiff believes he can file an amended complaint in compliance with this Opinion and Order, he may do so within thirty (30) days.

## LEGAL STANDARD

**A.**    **Subject Matter Jurisdiction**

      "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). As such, courts are to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). Under Federal Rule of Civil Procedure 12, a federal court is required to dismiss any case over which it lacks

---

[1] Plaintiff names only the United States as defendant in the caption of the complaint but then provides a list on page two of the complaint that is entitled "<u>DEFENDANTS</u>," which names additional defendants. Compl., ECF 1, at 2. Based on the nature of plaintiff's claims and the case caption, the Court construes plaintiff's complaint to be asserted only against the United States as defendant and understands that plaintiff's list of "defendants" reflects those whose actions plaintiff asserts the United States is liable for.

subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).

A party may move to dismiss an action for lack of subject matter jurisdiction under Rule 12. Fed. R. Civ. P. 12(b)(1). Such a motion may be brought as a facial or factual attack. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack involves an assertion "that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* A factual attack involves a dispute as to "the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

**B.    Self-Represented Litigants**

Pleadings filed by self-represented litigants "are held to a less stringent standard than those drafted by lawyers." *Graves v. Nw. Priority Credit Union*, No. 3:20-cv-00770-JR, 2020 WL 8085140, at *2 (D. Or. Dec. 12, 2020) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "In cases involving a [self-represented] plaintiff, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt." *Kali v. Bulk Handling Sys.*, No. 6:18-cv-02010-AA, 2019 WL 1810966, at *4 (D. Or. Apr. 23, 2019) (citing *Wolfe v. Strankman*, 392 F.3d 358, 392 (9th Cir. 2004)). Further, "[u]nless it is absolutely clear that no amendment can cure the defect," self-represented litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

## BACKGROUND

**A.    Factual Allegations**

Plaintiff alleges the following facts. In September of 2022, plaintiff was incarcerated at the Federal Correctional Institution Sheridan ("FCI Sheridan"), under the care and custody of the BOP. Compl., ECF 1, at 1, 5 (all references to ECF pagination). That month, "an outside group of BOP employees (known as the S.O.R.T. Team) was brought [to FCI Sheridan] from [other BOP] institutions[.]" *Id.* at 5. About a week after arriving at FCI Sheridan, the S.O.R.T. Team "entered [plaintiff's] housing unit between 6:30

a.m. [and] 7:30 a.m. screaming and yelling at the inmates." *Id.* Individual S.O.R.T. "Team members went from cell to cell passing out green canvas bags and trash bags for the inmates to put their property into" and told inmates "that if their property did not fit into the bag given to them then it would be thrown in the trash." *Id.* Plaintiff "packed all of [his] property into the green bag that was given to [him,] including the most important items first, such as photo albums." *Id.* Plaintiff's photo albums contained more than 1,000 photos, including photos of plaintiff's deceased daughter, grandchild, and grandparents, the latter of whom had "passed away just months after [plaintiff's] daughter and grandchild" and who "were the only family [p]laintiff knew after his mother was killed when he was just 7-years-old." *Id.* at 5-6. Plaintiff's "photos were the only thing left that [he] had to remember his daughter and grandchild," and he considers the albums "priceless and irreplaceable." *Id.* at 5. In addition to photos, the albums also contained dozens of letters. *Id.*

At some point, one of the S.O.R.T. Team members opened plaintiff's cell and then "screamed at" plaintiff and told him "to turn around and walk out of the cell backwards." *Id.* at 6. With bags littering the ground, plaintiff was forced "to turn around and walk normally to avoid tripping on the bags and possibly causing injury from a fall." *Id.* Several S.O.R.T. Team members were yelling at plaintiff, including yelling conflicting instructions. *Id.* Eventually, "[p]laintiff was directed to go outside where the temperature was high and the staff provided just one 3-4 gallon water jug for the 120+ inmates and no cups . . . to drink from." *Id.* After approximately six or seven hours, plaintiff returned to his unit and "was directed to retrieve his property bag and directed to a newly assigned cell within the unit." *Id.* In his cell, "[p]laintiff noticed that his property bag was wet and his property in the bag was covered in liquid soap." *Id.* He "then noticed the missing photo albums." *Id.* Plaintiff states that as a result of this incident, he lost "most of his property including food, hygiene, beverages, clothing," and, critically, "his cherished photo albums." *Id.* at 7.

Plaintiff asked the Associate Warden about the missing property, who informed him "that [the albums] must be somewhere," that he "doubted anyone threw them away," and "that they [would] probably show up." *Id.* at 6. Later, a teacher at FCI Sheridan "arranged for a staff member to take [plaintiff] to psychology to talk more," which plaintiff did. *Id.* at 6-7. Another FCI Sheridan staff member later searched

3

the trash containers and informed plaintiff she could not find the photo albums. *Id.* at 7. A few days later, "[p]laintiff and other inmates were told that a Lieutenant from another BOP institution was handing out 'lottery tickets' to inmates in [another building] who could go to the building where the property was located and rummage through the items and take whatever they wanted." *Id.* Plaintiff advised a Captain about the "lottery," but plaintiff's albums were never found. *Id.*

In 2022, plaintiff filed a tort claim. *Id.* at 12. Plaintiff received a response with tort claim #TRT-WXR-2022-06786. *Id.* at 2, 12. Plaintiff followed up on the status of his tort claim multiple times but was essentially stonewalled until eventually being told that the value of his tort claim was such "that the BOP attorney would have to deal with it because it [was for] more than the prison [was] allowed to issue." *Id.* at 12-13.

Plaintiff was transferred to Pahrump, Nevada, and then transferred again, this time to Federal Correctional Complex ("FCC") Lompoc. *Id.* at 13. Plaintiff was not allowed to pack his property and was not given a property form when he left Sheridan. *Id.* When he received his property at FCC Lompoc, plaintiff's property box contained only a few of his items, as well as items that weren't his, such as a pink flamingo and children's toys. *Id.* Among plaintiff's missing items were his legal work, photos, dentures, a radio, shoes, bowls, and more. *Id.*

Plaintiff states that "[a]lthough the time limit for responding to the tort claim has long expired, [p]laintiff still retains rights for a civil remedy through this action in order to address the loss as well as other grounds herein and attempt to obtain relief." *Id.* at 7.

**B.     Procedural History**

Plaintiff filed the present action on September 9, 2024. Compl. 1. Plaintiff asserts that jurisdiction lies under the FTCA and raises claims for "personal injury, emotional distress . . . , cruel and unusual publishment in violation of the Eighth Amendment, negligence and other wrongful acts relating to the intentional loss and destruction of his personal property, [and] harassment." *Id.* Plaintiff alleges that he has exhausted his administrative remedies by filing two tort claim notices "regarding the loss of his property." *Id.* at 3. The Court initially issued an order to issue process and directing service by the U.S.

Marshals Service. *See* Order of October 15, 2024, ECF 5. Upon clarification that plaintiff does not have in forma pauperis status and is no longer incarcerated, however, the Court relieved the U.S. Marshals Service from all service obligations identified in the order to issue process. Order of November 5, 2024, ECF 6. Plaintiff was thus responsible for serving the complaint in accordance with Federal Rule of Civil Procedure 4(i). *Id.* On November 20, 2024, plaintiff filed a certificate of service indicating that he served defendant by sending via certified mail a summons and copy of the complaint to Attorney General Garland Merrick. Cert. of Serv., ECF 7.

On January 27, 2025, plaintiff moved for default judgment on the basis that defendant did not timely answer or otherwise respond to the complaint. Pl. Mot. for Default J., ECF 8. The Court construed the motion as one for entry of an order of default and then denied it, reasoning that because there was no indication that plaintiff delivered his documents to the United States Attorney for the District of Oregon, he had not properly served defendant under Federal Rule of Civil Procedure 4(i)(1). Order of February 28, 2025, ECF 9.

On March 14, 2025, plaintiff filed a second certificate of service. 2d Cert. of Serv., ECF 10. This certificate of service indicates that plaintiff served defendant by sending via certified mail a summons and copy of the complaint to Attorney General Pamela Bondi and United States Attorney for the District of Oregon William Narus. *Id.* at 1.

On May 19, 2025, defendant filed the instant motion to dismiss. Def. Mot. to Dismiss, ECF 11. Plaintiff responded on July 22, 2025. Pl. Resp., ECF 14. Defendant filed a reply in support of its motion to dismiss on August 5, 2025. Def. Reply, ECF 15.

## DISCUSSION

The Court is sympathetic to plaintiff's loss. It is clear that he deeply cherished his photo albums and that he was rightfully devastated when they were discarded. However, the Court can only act when it has subject matter jurisdiction. Pursuant to the "detention of goods" exception to the FTCA, it appears that the Court does not have jurisdiction here.

Courts may only adjudicate claims against the United States where congress has waived sovereign

5

immunity. *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941). Courts must strictly construe these waivers. *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 94 (1990). One such waiver is the FTCA. Congress enacted the FTCA "primarily to remove the sovereign immunity of the United States from suits in tort." *Levin v. United States*, 568 U.S. 503, 506 (2013) (quotation marks omitted) (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)). The FTCA provides that the United States "shall be liable" for certain tort claims "in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. Put simply, "[t]he FTCA waives the government's sovereign immunity for tort claims arising out of negligent conduct of government employees acting within the scope of their employment." *Terbush v. United States*, 516 F.3d 1125, 1128 (9th Cir. 2008).

Congress's waiver of sovereign immunity via the FTCA "is significant but limited with certain exceptions." *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1120 (9th Cir. 2019); *see, e.g.*, *Levin*, 568 U.S. at 505-07 (describing the intentional tort exception); *Feres v. United States*, 340 U.S. 135, 143-44 (1950) (describing the exception for injuries that arise "incident to [military] service"); *Nieves Martinez v. United States*, 997 F.3d 867, 875-76 (9th Cir. 2021) (describing the discretionary function exception). The exception at issue in this case is set forth in 28 U.S.C. § 2680(c), which provides in relevant part that recovery under the FTCA is not allowed for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer," except under certain circumstances not at issue in this case. *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 218 (2008) (quotation marks omitted) (quoting 28 U.S.C. § 2680(c)). This statute is interpreted broadly and encompasses BOP officers' detention or loss of incarcerated persons' goods. *See id.* at 218-21, 227-28. This "detention of goods" exception "'effectively bars any remedy for intentional torts with respect to seizures' by law enforcement officials." *DaVinci Aircraft*, 926 F.3d at 1125 (quoting *Gasho v. United States*, 39 F.3d 1420, 1433 (9th Cir. 1994)).

Plaintiff's action appears to be barred by the detention of goods exception. However, the phrasing of plaintiff's complaint is not entirely clear as to the exact causes of action asserted therein. Plaintiff states that he

6

>    brings this action against [defendant] for actions committed by BOP employees who caused him personal injury, emotional distress (by means of verbal threats, intimidation, fear of assault, retaliation and other ways), cruel and unusual punishment in violation of the Eighth Amendment, negligence and other wrongful acts relating to the intentional loss and destruction of his personal property, harassment, and other acts that, when combined, will show other injuries have occurred both physically and emotionally.

Compl. 1. At the same time, under the heading "CLAIMS & CAUSES OF ACTION," plaintiff only includes one section that is entitled "Emotional Distress." *Id.* at 5-13. That section holds the bulk of plaintiff's factual allegations, the vast majority of which directly relate to events surrounding the loss or destruction of plaintiff's property. *See id.* Because there is no remedy available for intentional torts with respect to BOP officers' detention or loss of plaintiff's property, the Court must conclude that plaintiff's action, as pleaded, is barred under the detention of goods exception. To be clear, there can be no doubt that the loss and destruction of plaintiff's sentimental, irreplaceable, and invaluable property has been traumatic, and the Court is sympathetic to plaintiff's plight. But even taken as true, plaintiff's allegations do not state a claim upon which relief may be granted. The Court is bound by the law, and the law's application here is straightforward.

In response to the government's motion, plaintiff makes one substantive and one procedural argument. Substantively, plaintiff argues that the FTCA "represents the most significant, albeit limited, waiver of federal sovereign immunity for tort claims" and that "the FTCA serves as the exclusive mechanism for bringing such tort claims against the United States." Pl. Resp. 1. Though these assertions are correct, plaintiff's argument does not acknowledge the detention of goods exception, which squarely applies here. For this reason, plaintiff's substantive argument fails.

Procedurally, plaintiff argues he is entitled to a ruling by default because the government filed its motion to dismiss on May 19, 2025, three days after plaintiff argues it was due. Pl. Resp. 1. The Court interprets this as an argument that the motion should be denied as untimely. However, because the Court finds that it does not presently have jurisdiction over plaintiff's complaint, the Court does not reach the issue of whether defendant's motion was timely filed.

For all of these reasons, the Court must dismiss plaintiff's complaint. To the extent that plaintiff

seeks a remedy for any intentional torts with respect to BOP officers' detention or loss of plaintiff's property, dismissal of such claims shall be with prejudice, as such claims are barred as a matter of law and any amendment with regard to such claims would be futile. *See Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) ("If no amendment would allow the complaint to withstand dismissal as a matter of law, courts consider amendment futile."). However, because it is not entirely clear what claims plaintiff intends to assert, the Court acts in an abundance of caution and grants plaintiff thirty days in which he may amend his complaint to clarify what other claim or claims he asserts, if any. *See Garity*, 828 F.3d at 854 ("Unless it is absolutely clear that no amendment can cure the defect," a self-represented litigant is "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (quoting *Lucas*, 66 F.3d at 248)). Any amended complaint must conform with the rulings made in this Opinion and Order, meaning that any amended complaint may not assert intentional torts based on the detention or loss of goods by BOP officers. If no amended complaint is filed, this action will be dismissed.

## CONCLUSION

For the reasons stated herein, defendant's motion to dismiss for lack of jurisdiction, ECF 11, is GRANTED. Plaintiff's claims for intentional torts with respect to BOP officers' detention or loss of plaintiff's property are DISMISSED with prejudice and without leave to amend. Plaintiff is otherwise granted thirty (30) days to file an amended complaint clarifying any other claim or claims he may be attempting to assert, in accordance with the rulings set forth in this Opinion and Order. If no amended complaint is filed, this action will be dismissed.

IT IS SO ORDERED.

DATED this 3rd day of March, 2026.

*Adrienne Nelson*
Adrienne Nelson
United States District Judge