FILED 9 APR '26 10:35USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**Murville Lavelle Lampkin,**

Plaintiff,

v.

**UNITED STATES OF AMERICA, et al.,**

Defendants.

**Case No.: 3:24-cv-01516-AN**

## AMENDED COMPLAINT

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, including the First and Eighth Amendments.

2. This Court has jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in the District of Oregon because the events giving rise to this action occurred at FCI Sheridan in Oregon.

## II. PARTIES

4. Plaintiff Murville Lavelle Lampkin is a federal inmate who was housed at FCI Sheridan during the events described herein.

5. Defendants include correctional officers, S.O.R.T. team members, supervisory staff, and other unknown federal employees involved in the events described herein (identified as John/Jane Does pending discovery).

## III. STATEMENT OF FACTS

6. In or about September 2022, Plaintiff was housed in Unit 3B at FCI Sheridan.

7. During this time. an outside S.O.R.T. team was brought to the facility and began conducting aggressive operations within housing units.

8. Officers entered units in large groups yelling. threatening, and verbally abusing inmates while conducting searches.

9. Officers issued conflicting commands to inmates, creating confusion and increasing the likelihood of physical confrontation.

10. Plaintiff was forcibly grabbed, pulled from his cell, and shoved against a door despite having prior hand injuries.

11. Officers acted in a manner designed to intimidate and provoke inmates while maintaining control through force and fear.

12. Plaintiff and other inmates were ordered to pack their belongings under threat that any property not fitting into provided bags would be discarded.

13. Plaintiff packed irreplaceable photo albums containing over 1,000 photographs and letters from his deceased daughter, grandchildren, and grandparents.

14. These items represented Plaintiff's only remaining connection to his deceased family members and were of profound emotional significance.

15. After being relocated, Plaintiff discovered that his belongings had been soaked in liquid soap and that his photo albums were missing.

16. Plaintiff immediately notified staff, including Officer Palmer and supervisory officials, but received dismissive and indifferent responses.

17. Staff failed to provide confiscation forms or properly document the handling of inmate property.

18. Plaintiff later learned that inmate property was being improperly handled and distributed through a "lottery" system, allowing inmates to take property belonging to others.

19. Plaintiff's property, including his photo albums, legal materials, and personal belongings, was never returned.

20. Plaintiff experienced severe emotional distress and was referred to psychological services, where he required time in a relaxation room.

21. Plaintiff suffered grief, anxiety, and ongoing mental anguish due to the loss of irreplaceable family photographs.

22. Staff made dismissive and abusive remarks, including statements indicating indifference to Plaintiff's loss.

23. Plaintiff filed a tort claim regarding the incident; however, the claim was delayed, mishandled, and effectively lost.

24. Plaintiff was later transferred to another facility.

25. Upon receiving his property at a later institution, Plaintiff discovered that most of his belongings were missing, including legal work and personal items.

26. Plaintiff's property had been tampered with and replaced with unrelated items, including inappropriate objects not belonging to Plaintiff.

27. Only staff had access to Plaintiff's property during the relevant time period.

28. Plaintiff believes he was targeted and retaliated against for filing a tort claim.

29. Defendants' actions interfered with Plaintiff's ability to pursue legal remedies.

30. All relevant events were captured on institutional video surveillance, including the S.O.R.T. operation and property handling, which Plaintiff requested be preserved.

## IV. CLAIMS FOR RELIEF

### COUNT I – EIGHTH AMENDMENT (EXCESSIVE FORCE)

31. Plaintiff incorporates all prior paragraphs.

32. Defendants used unnecessary and excessive force against Plaintiff by grabbing, pulling, and shoving him without justification.

33. This force was applied maliciously and not in a good-faith effort to maintain discipline.

### COUNT II – EIGHTH AMENDMENT (CRUEL AND UNUSUAL PUNISHMENT)

34. Plaintiff incorporates all prior paragraphs.

35. Defendants subjected Plaintiff to degrading, intimidating, and abusive conditions.

36. Defendants acted with deliberate indifference to Plaintiff's safety, dignity, and well-being.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff incorporates all prior paragraphs.

38. Defendants engaged in extreme and outrageous conduct by using intimidation and physical force, failing to safeguard Plaintiff's property, allowing or causing the destruction or loss of irreplaceable personal items, and responding with indifference and abusive remarks.

39. Defendants acted intentionally or with reckless disregard for the likelihood of causing emotional harm.

40. Plaintiff suffered severe emotional distress, including grief, anxiety, and ongoing psychological harm.

41. Defendants' conduct directly caused Plaintiff's injuries.

## COUNT IV – DEPRIVATION OF PROPERTY (DUE PROCESS)

42. Plaintiff incorporates all prior paragraphs.

43. Defendants deprived Plaintiff of his personal property without due process of law.

44. Plaintiff's property was lost, destroyed, or distributed without proper documentation or procedure.

## COUNT V – FIRST AMENDMENT RETALIATION

45. Plaintiff incorporates all prior paragraphs.

46. Plaintiff engaged in protected conduct by filing a tort claim.

47. After engaging in this conduct, Plaintiff's property was lost or destroyed, Plaintiff's legal materials were removed, and Plaintiff was subjected to adverse treatment.

48. Defendants' actions would deter a person of ordinary firmness from engaging in protected conduct.

49. Defendants' retaliatory conduct directly harmed Plaintiff.

## COUNT VI – DENIAL OF ACCESS TO COURTS

50. Plaintiff incorporates all prior paragraphs.

51. Defendants interfered with Plaintiff's ability to pursue legal claims by mishandling Plaintiff's tort claim, losing or destroying legal materials, and delaying responses and obstructing the process.

52. As a result, Plaintiff's ability to seek legal relief was hindered.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award:

• Compensatory damages in the amount of $10,000,000.00;

• Punitive damages in the amount of $10,000,000.00;

• Costs of suit; and

• Any additional relief the Court deems just and proper.

**Respectfully submitted,**

Murville Lavelle Lampkin

Plaintiff, Pro Se

Date: 3-31-26

Murville L Lampkin
317 N Flower St
Anchorage AK 99508



9589 0710 5270 4021 9743 47

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

9589 0710 5270 4021 9743 47

Retail   97204

U.S. POSTAGE PAID
FCM LG ENV
ANCHORAGE, AK 99507
MAR 31, 2026

**$7.47**

RDC 99                 S2323W501013-70

LAKE OTIS STATION ANCHORAGE AK
MAR 31 2026
99507 USPS

Clerk of Court

1000 SW 3rd Ave

Portland OR 97204